UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIFFANY KUTZ,

    Plaintiff,

vs.                                      CASE NO.:

ALLEGIANT AIR LLC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Tiffany Kutz, by and through her undersigned attorneys, sues the Defendant, Allegiant Air LLC, (hereinafter referred to as "Allegiant" or "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. Plaintiff, Tiffany Kutz, is a resident of Hillsborough County, Florida at all times material and worked for Defendant in this Judical District during the applicable statute of limitations.

4. Defendant, Allegiant Air LLC, is a Foreign Limited Liability Company authorized and doing business in this Judicial District.

5.   At all times material, Plaintiff, Tiffany Kutz, was an employee of the Defendant within the meaning of the Family and Medical Leave Act ("FMLA").

## GENERAL ALLEGATIONS

6.   At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7.   At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

8.   Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

9.   On or about June 6, 2016, Allegiant Air hired Kutz to work as a customer service agent at St. Petersburg-Clearwater International Airport.

10.   In October 2017, Kutz applied for and received approval for intermittent leave under the Family and Medical Leave Act ("FMLA") to take necessary time off for her disabled son. In March 2018, Kutz also received intermittent FMLA approval for her disabled daughter.

11.   Allegiant tracks employee tardiness and absences through a point system. And once an employee accumulates a certain number of points, Allegiant will discipline the employee. The discipline varies based on the points received and includes suspension of shift trade privileges and ultimately termination.

12.   After Allegiant approved Kutz for intermittent FMLA leave, she used that leave and her ability to occasionally trade shifts with other employees to manage her schedule and her children's health care needs.

13.   Beginning in early 2018, Kutz began to experience problems with Allegiant's

FMLA tracking system. For example, Allegiant managers would play employee voice recordings asking for time off in a common area where it could be overheard by any employees in the area. For this reason, Kutz was often reluctant to state the purpose of her leave when she would call in.

14. Additionally, Allegiant often mischaracterized Kutz's time off as unprotected, when the leave she took was in fact FMLA protected time. Allegiant would then improperly assign Kutz discipline points for taking the protected time off.

15. Because Allegiant improperly assessed Kutz points for taking protected time off, Allegiant ultimately suspended her ability to trade shifts with her colleagues (and her flight benefits). Allegiant's improper suspension of Kutz's shift trade abilities resulted in her ultimately accumulating additional points after she had exhausted her FMLA intermittent leave.

16. Kutz, on several occasions, raised issues with Allegiant management over its improper assessment of points. But Allegiant refused to address her concerns or to reconsider its improper assessment of points.

17. On December 11, 2018, Allegiant terminated Kutz's employment, purportedly for having accumulated too many points.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

18. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

19. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq.

20. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding her FMLA leave, and worked at a location

where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

21. Defendant is a covered employer under the FMLA in that they had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

22. Plaintiff's daughter and son suffer from serious health conditions within the meaning of the FMLA.

23. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights. Specifically, Defendant terminated Plaintiff's employment for exercising her rights to leave under the FMLA to care for her children.

24. Defendant's actions constitute violations of the FMLA.

25. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief, this Court deems just and equitable.

## COUNT II
## FAMILY MEDICAL LEAVE ACT – RETALIATION

26. Plaintiff, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

27. Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's utilization of qualified FMLA leave was a substantial or motivating factor that prompted Defendant to formally discipline Plaintiff and terminate Plaintiff's employment.

28. Defendant's actions constitute a violation of the FMLA.

29. As a result of Defendant's actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, prays for the following damages against Defendant,

   a. Back pay and benefits;

   b. Prejudgment interest on back pay and benefits;

   c. Front pay and benefits;

   d. Liquidated damages;

   e. Attorneys' fees and costs;

   f. Injunctive relief; and

   g. For any other relief, this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

30. Plaintiff demands a trial by jury on all issues so triable.

Dated June 20, 2019.

FLORIN GRAY BOUZAS OWENS, LLC.

_____
SCOTT L. TERRY, ESQUIRE
Florida Bar No.: 77105
scott@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Dr.
Suite 100

Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*